**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000799
28-JAN-2020
10:18 AM**

NO. CAAP-19-0000799

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAILUA 50 LLC, SARA D. WARREN, SARA D. WARREN INDIVIDUALLY AND AS THE INDEPENDENT EXECUTOR OF THE WILL AND ESTATE OF PETE E. (MYRL) WARREN (DECEASED), Plaintiffs-Appellees, v. ICHIDA KEMP, A LIMITED LIABILITY LAW COMPANY; WESLEY ICHIDA, Defendants-Appellees, and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1674-09 GWBC)

ORDER GRANTING NOVEMBER 14, 2019 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of (1) Defendant-Appellee Ichida Kemp a Limited Liability Law Company's (Ichida Kemp) November 14, 2019 motion to dismiss appeal for lack of appellate jurisdiction, (2) Plaintiff-Appellant Sara D. Warren's (Sara Warren), self-represented, December 3, 2019 memorandum in opposition to Ichida Kemp's November 14, 2019 motion, and (3) the record, it appears that we lack appellate jurisdiction over appellate court case number CAAP-19-0000799 because a non-party and non-attorney named John M. Warren (John Warren) is the lone signatory for Sara Warren's and Plaintiff-Appellant Kailua 50 LLC's (Kailua 50 LLC), self-represented, purported November 12, 2019 notice of appeal.

We reject Ichida Kemp's initial argument that the November 12, 2019 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) as to the Honorable Gary W.B. Chang's October 10, 2019 judgment in Civil No. 16-1-1674-09 GWBC. The thirtieth calendar day after October 10, 2019, was Saturday, November 9, 2019, and the following Monday, November 11, 2019, was a state holiday. HRAP Rule 26(a) automatically extended the thirty-day time period under HRAP Rule 4(a)(1) until Tuesday, November 12, 2019, when the appellate clerk received the notice of appeal that was timely as to the October 10, 2019 judgment. See HRAP Rule 3(a) (When a party submits a notice of appeal to the appellate clerk, "[t]he date of receipt shall be deemed the date the notice of appeal was filed with the appellate court.").

The jurisdictional defect in appellate court case number CAAP-19-0000799 is the fact that the November 12, 2019 notice of appeal is invalid. "A well-settled rule is that only parties to a lawsuit may appeal an adverse judgment." Gold v. Harrison, 88 Hawai'i 94, 103, 962 P.2d 353, 362 (1998) (citations and internal quotation marks omitted). As a non-party in the underlying case, John Warren lacked standing to appeal on behalf of himself. Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006).

More significantly, as a non-attorney, John Warren could not assert this appeal on behalf of Sara Warren, because, under Hawaii Revised Statutes (HRS) § 605-2 (2016) and HRS § 605-14 (2016), non-attorneys "are not permitted to act as attorneys and represent other natural persons in their causes." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979).

As an apparent concession, Sara Warren purports to withdraw the appeal as to Kailua 50 LLC. Nevertheless, for the same reason why non-attorneys are not permitted to appear in court on behalf of a natural person, a non-attorney such as John

Warren is not allowed to represent a limited liability company such as Kailua 50 LLC in litigation.[1]

The November 12, 2019 notice of appeal is invalid for the purpose of invoking our appellate jurisdiction to review a purported appeal by Sara Warren and Kailua 50 LLC because non-party and non-attorney John Warren is the lone signatory for the November 12, 2019 notice of appeal. We decline to grant Ichida Kemp's request to order John Warren to show cause why we should not sanction him for practicing law in Hawai'i without a license. Civil and criminal actions for violating HRS § 605-14 may by brought by the attorney general. See HRS §§ 605-15.1 and 605-15.2.

Therefore, IT IS HEREBY ORDERED that Ichida Kemp's November 14, 2019 motion to dismiss appeal is granted, and

---

[1] "By the same token, non-attorney agents are not allowed to represent corporations in litigation, for a wholly unintended exception to the rules against unauthorized practice of law would otherwise result." Oahu Plumbing and Sheet Metal, Ltd., 60 Haw. at 377, 590 P.2d at 574 (footnote omitted).

> Unlike lay agents of corporations, attorneys are subject to professional rules of conduct and are amenable to disciplinary action . . . for violations of ethical standards. Therefore, attorneys, being fully accountable to the courts, are properly designated to act as the representatives of corporations.

Id. at 378, 590 P.2d at 574 (citation omitted); Reading International, Inc. v. The Malulani Group, Ltd., 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by counsel."). The same principle applies to trusts, and, thus, "[t]he general rule is that a trustee may not represent the trust in litigation unless, having the right sought to be enforced, he is the real party in interest." Tradewinds Hotel, Inc. v. Conchran, 8 Haw. App. 256, 265, 799 P.2d 60, 65 (1990). "Similar considerations apply to partnerships, and have led most courts to conclude that a partnership may only appear in court through counsel." In re ICLNDS Notes Acquisition, LLC, 259 B.R. 289, 293-94 (Bankr. N.D. Ohio 2001); cf. Beamer v. Nishiki, 66 Haw. 572, 588, 670 P.2d 1264, 1276 (1983) ("Regardless of whether [a dissolved entity named] The Valley Isle was a corporation or partnership, therefore, [former stockholders or partners] Moore and Silva are real parties in interest and [the non-attorney dissolution trustee] Reed's attempt to appear on behalf of the dissolved The Valley Isle is actually an appearance on behalf of Moore and Silva. . . . Reed's activities thus constitute the unauthorized practice of law. Therefore, Reed, as trustee, will not be allowed to continue pro se in his practice of law representing The Valley Isle."). Similarly, regardless "whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney." In re ICLNDS Notes Acquisition, LLC, 259 B.R. at 294.

appellate court case number CAAP-19-0000799 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED:  Honolulu, Hawai'i, January 28, 2020.


Chief Judge


Associate Judge


Associate Judge